UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of the Joint
Industry Board of the Electrical Industry,

                       Plaintiff,

- against -

LITESPEED ELECTRIC, INC.,

                       Defendant.
------------------------------------------------------------x



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ FEB 25 2010 ★
BROOKLYN OFFICE

Civil Action No.
CV 10 - 0860

COMPLAINT

GLEESON, J.

POLLAK, M.J

       Plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry (the "Joint Board"), for his complaint alleges as follows:

### INTRODUCTION

       1.     This is an action by a fiduciary of various employee benefit plans against defendant Litespeed Electric, Inc. (the "Company") for relief pursuant to Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, and to collect various other sums due to the Joint Board in accordance with the terms of a collective bargaining agreement pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

### JURISDICTION AND VENUE

       2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, Sections 502(a)(2) and (3), 502(f) and 515 of ERISA, 29 U.S.C. §§1132(a)(2) and (3), 1132(f) and 1145, and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

3.      Venue lies in this district under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), as the Joint Board maintains its principal office in this district and the various employee benefit plans are administered and maintain their principal offices in this district.

## THE PARTIES

4.      The plaintiff is the Chairman of the Joint Board, the administrator of various employee benefit plans established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union"), and employer associations and independent or unaffiliated employers in the electrical, elevator, sign, television, burglar alarm and other related industries. The Joint Board maintains its principal place of business at 158-11 Harry Van Arsdale Jr. Avenue, Flushing, New York 11365.

5.      The Joint Board is the administrator and fiduciary within the meaning of Sections 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§1002(16)(A)(i) and 1002(21)(A), of each of the following employee benefit plans: the Pension, Hospitalization and Benefit Plan of the Electrical Industry, the Dental Benefit Fund of the Electrical Industry, the Deferred Salary Plan of the Electrical Industry, the Educational and Cultural Trust Fund of the Electrical Industry, the Annuity Plan of the Electrical Industry, the Vacation-Holiday Unemployment Plan of the Electrical Industry, the Health Reimbursement Account Plan of the Electrical Industry, and also collects contributions required to be paid to the National Employees Benefit Fund (collectively, the "ERISA Plans"). Each of the ERISA Plans is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37). Each of the ERISA Plans is also jointly administered by a Board of Trustees, comprised of labor and management representatives

Case 1:10-cv-00860-JG-CLP   Document 1   Filed 02/25/10   Page 3 of 12 PageID #: 3

who share equal representation in the administration of the Plans in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

6. The Deferred Salary Plan of the Electrical Industry (the "401(k) Plan") is a tax-qualified profit-sharing plan with a cash or deferred arrangement within the meaning of section 401(k) of the Internal Revenue Code (the "Code"). Pursuant to the collective bargaining agreements, employers are required to deduct a specified percentage from the weekly wages of each eligible employee covered by the collective bargaining agreement and to remit such amounts plus additional salary deferrals made at the election of the employee (together, "Employee Contributions"), to the 401(k) Plan, along with related payroll reports. The Employee Contributions are employee elective contributions, which, but for the salary deferrals, would have been paid to the employees as wages. Employers are also required to remit employer contributions to the 401(k) Plan on behalf of all covered employees ("Employer Contributions"), in addition to the Employee Contributions and without regard to any election by the employees. The Employee Contributions and the Employer Contributions to the 401(k) Plan are collectively referred to hereafter as "401(k) Plan Contributions." Employers are required to send all 401(k) Plan Contributions and related payroll data to the 401(k) Plan in care of Putnam Investments ("Putnam"), the third-party record-keeper and investment manager retained by the 401(k) Plan for such purposes. All 401(k) Plan Contributions are allocated to individual bookkeeping accounts in the name of the covered employees, who are entitled to direct the investment of their 401(k) Plan Contributions from among various investment alternatives selected by the Trustees of the 401(k) Plan.

7. In addition, the Joint Board collects assessments from certain employees covered by the collective bargaining agreements who authorize their employers to deduct from

3

their wages union dues and employee loan repayments due to the Union ("Union Amounts"), and employee loan repayments due to one or more of the above-referenced ERISA Plans. The Joint Board also collects, in accordance with the collective bargaining agreements, contributions due to the following non-ERISA plans: the Electrical Employers Self Insurance Safety Plan, Benefit and Wage Delinquency Fund, and COPE Fund, and contributions to fund the operations of the Joint Board (collectively, the "Non-ERISA Plans"). Together, the Union Amounts and the amounts owed to the Non-ERISA Plans are referred to as the "Non-ERISA Contributions." The contributions to the ERISA Plans, except the 401(k) Plan, and the Non-ERISA Contributions are collectively referred to as the "JIB Contributions." The JIB Contributions and the 401(k) Plan Contributions are referred to hereafter, together, as the "Required Contributions."

8. The Joint Board is the Administrator of all of the ERISA Plans and the Non-ERISA Plans (collectively, the "Plans"). Under the collective bargaining agreements, signatory employers, including the Company, are required to remit the Required Contributions, as well as summaries of their payroll records.

9. The Joint Board and each of the Plans are third-party beneficiaries of the collective bargaining agreements.

10. Upon information and belief, the Company is, and at all times relevant to this action has been, a New York corporation with its principal facility located at 135 West 29th Street, Suite 301, New York, New York 10001. Upon information and belief, at all times relevant to this action, the Company was engaged in the electrical contracting business within the metropolitan New York area. The Company is, and at all times relevant to this action, has been, an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5) and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

4

## FACTUAL BASIS FOR CLAIMS

**The Collective Bargaining Agreements and
the Obligation to Contribute to the Joint Board**

11. The Company agreed to be bound to the terms of collective bargaining agreements between the New York Electrical Contractors Association, Inc. and the Association of Electrical Contractors, Inc. (collectively, the "Associations") and the Union.

12. The Union and the Associations have agreed to the terms of a collective bargaining agreement for the period of May 10, 2007 through May 13, 2010 (the "CBA").

13. Pursuant to the CBA, the Company is required to remit the Required Contributions at the rates set forth in the CBA for any employee performing work covered by the CBA.

14. Along with the weekly JIB Contributions, the Company is required to submit payroll reports ("Payroll Reports") to the Joint Board that provide the name, gross wages, and hours worked for each worker employed by the Company on whose behalf JIB Contributions are made.

15. Along with weekly 401(k) Plan Contributions, the Company is required to submit reports to Putnam setting forth the amounts of Employee Contributions and Employer Contributions and loan repayments being deducted from employee wages and remitted to Putnam. These reports are hereinafter referred to as the "401(k) Plan Reports."

16. The CBA provides for the calculation of the employees' wages and required contributions on a weekly basis. Each week ends on a Wednesday, and the Payroll Reports, 401(k) Plan Reports, and Required Contributions are due the following Tuesday.

17. The CBA and the Trust Agreements establishing each of the Plans are agreements between the Union and various employers and employer associations within the

5

meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145, and within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a). In addition, the CBA and the Trust Agreements of the ERISA Plans are plan documents within the meaning of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145.

18. As Administrator of the ERISA Plans, the Joint Board has adopted a delinquent contribution policy calling for the assessment of interest on late-paid contributions due and owing to the ERISA Plans, at the rate established by the ERISA Plans or in accordance with Section 6621 of the Code, 26 U.S.C. §6621.

19. The Joint Board has also adopted a delinquent contribution policy calling for the assessment of interest on late-paid Non-ERISA Contributions, at the rate established by the Non-ERISA Plans or in accordance with Section 6621 of the Code, 26 U.S.C. §6621.

**Defendant's Failure to Remit Contributions to the Joint Board**

**A.    Unpaid Contributions**

20. Upon information and belief, for all relevant periods, including for the period of weeks ending January 6, 2010 through February 17, 2010, the Company employed employees who performed work covered by the CBA.

21. To date, the Company has failed to pay the JIB Contributions on behalf of said employees for the period of weeks ending January 6, 2010 through February 17, 2010.

22. The Joint Board is unable to determine the exact amount of JIB Contributions owed for the weeks ending January 6, 2010 through February 17, 2010, because the Company has failed to submit to the Joint Board the required weekly Payroll Reports upon which calculations of the amount of the JIB Contributions are based.

23. To date, the Company has failed and refused to remit the required 401(k) Plan Contributions for the week ending February 17, 2010.

24. The Joint Board is unable to determine the exact amount of required 401(k) Plan Contributions owed for the week ending February 17, 2010 because the Company has failed to submit to Putnam the 401(k) Plan Reports which set forth the amount of 401(k) Plan Contributions due and payable.

25. The Company remains obligated to pay the Required Contributions due to all Plans pursuant to the CBA that will accrue between the date this Complaint is filed and the date judgment is entered.

**B. Interest on JIB Contributions Paid Late**

26. The Company paid the JIB Contributions late for the period of weeks ending November 19, 2008 through December 3, 2008; December 17, 2008 through December 24, 2008; March 18, 2009 through April 1, 2009; May 13, 2009 through May 20, 2009; June 24, 2009; July 22, 2009; August 5, 2009; August 26, 2009 through September 9, 2009; and November 4, 2009 through November 18, 2009. Consequently, the Company owes interest on those late-paid JIB Contributions.

27. By letter dated February 1, 2010, the Joint Board provided the Company with a detailed statement reflecting the late-paid JIB Contributions and demanded payment of $9,907.60 in interest on the late-paid JIB Contributions for the period of weeks set forth above. To date, the Company has failed and refused to remit the interest payment.

28. The Joint Board calculates and demands interest on late-paid JIB Contributions on a quarterly basis. Upon information and belief, the Company has paid JIB Contributions after they were due for additional weeks beyond those referenced in the February 1, 2010 letter. Consequently, the Company owes interest on all such late-paid JIB Contributions.

### C. Interest on 401(k) Plan Contributions Paid Late

29. The Company paid the 401(k) Plan Contributions after they were due for the period of weeks ending May 7, 2008 through June 11, 2008. Consequently, the Company owes interest on those late-paid 401(k) Plan Contributions.

30. When the Company withholds Employee Contributions from a worker's wages, it is required to segregate these funds from its general assets and submit them to the 401(k) Plan by the "earliest date on which such contribution can reasonably be segregated from the employer's general assets." 29 C.F.R. §2510.3-102(a). Because the Company failed to submit the Employee Contributions to the 401(k) Plan as soon as they could reasonably be segregated, the Employee Contributions became plan assets of the 401(k) Plan.

31. By letter dated January 20, 2009, the Joint Board provided the Company with a detailed statement reflecting the late-paid 401(k) Plan Contributions and demanded payment of $657.34 in interest on the late-paid 401(k) Plan Contributions for the period of weeks set forth above in paragraph 29, and also demanded additional interest accrued on that interest from the date of payment of the aforementioned 401(k) Plan Contributions through the date of the letter. To date, the Company has failed and refused to remit the interest payment.

32. Upon information and belief, the Company has also paid the 401(k) Plan Contributions after they were due for additional weeks beyond those referenced in the January 20, 2009 letter. Consequently, the Company owes interest on all such late-paid 401(k) Plan Contributions.

### D. Other Amounts

33. On information and belief, additional amounts will continue to become due and owing during the pendency of this action.

## FIRST CAUSE OF ACTION

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 above.

35. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law make such contributions in accordance with the terms and conditions of such plan or such agreement."

36. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action brought by a fiduciary on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan,
> (a) the unpaid contributions,
> (b) interest on the unpaid contributions,
> (c) an amount equal to the greater of
>   (i) the interest on the unpaid contributions or;
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent of the [unpaid contributions],
> (d) reasonable attorney's fees and costs of the action, and
> (e) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of title 26.

37. The Company's failure to remit contributions to the ERISA Plans and failure to submit the weekly Payroll Reports constitute a failure to make contributions in accordance with the terms of the plan documents of the ERISA Plans and a violation of Section 515 of ERISA, 29 U.S.C. §1145, thereby giving rise to an action against the Company pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

## SECOND CAUSE OF ACTION

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 above.

39. By failing to timely remit the Employee Contributions to the 401(k) Plan, and allowing those 401(k) Plan assets to be retained in, and commingled with, the Company's general assets, the Company: (a) violated its fiduciary duty to ensure that the 401(k) Plan's assets were held in trust by one or more trustees pursuant to the provisions of ERISA Section 403(a), 29 U.S.C. §1103(a); and (b) permitted the 401(k) Plan's assets to inure to the Company's benefit, in violation of ERISA Section 403(c)(1), 29 U.S.C. §1103(c)(1).

40. As a direct and proximate result of the Company's breaches, the 401(k) Plan has suffered losses for which the Company is liable, pursuant to ERISA Section 409, 29 U.S.C. §1109.

## THIRD CAUSE OF ACTION

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 above.

42. By failing to timely remit the Employee Contributions to the 401(k) Plan and by causing those 401(k) Plan assets instead to be retained in and commingled with the Company's general assets, the Company, acting in its fiduciary capacity: (a) engaged in prohibited transactions; (b) failed to discharge its duties with respect to the 401(k) Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the 401(k) Plan, as required by ERISA Section 404(a)(1)(A), 29 U.S.C. §1104(A)(1)(a); and (c) failed to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with

such matters would use in the conduct of an enterprise of a like character and with like aims, as required by ERISA Section 404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

43. As a direct and proximate result of the Company's repeated failures to discharge its fiduciary duties properly, the 401(k) Plan and the participants have suffered losses for which the Company is liable, pursuant to ERISA Section 409, 29 U.S.C. §1109.

## FOURTH CAUSE OF ACTION

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 above.

45. The Company's failure to remit the Required Contributions to the Joint Board as set forth in the CBA is a breach of the CBA, thereby giving rise to an action against the Company pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter judgment against the defendant as follows:

A. Ordering the defendant to submit Payroll Reports and 401(k) Plan Reports as required by the CBA for any weeks for which such reports have not been submitted as of the date judgment is entered; and

B. Ordering defendant to pay to the Joint Board the Required Contributions determined to be due according to the CBA that are unpaid as of the date judgment is entered; and

C. Ordering defendant to pay interest on the Required Contributions paid after they were due in violation of the CBA, and prior to the filing of the Complaint, and such further interest as may accrue on that amount through the date of payment; and

11

D. Ordering defendant to pay interest on the amount found to be due in paragraph B, calculated through the date that judgment is entered and thereafter at the rate established by the individual Plans or in accordance with Section 6621 of the Code, 26 U.S.C. §6621; and

E. Ordering defendant to pay interest on Required Contributions paid after they were due in violation of the CBA, and after the filing of the Complaint, calculated through the date of payment at the rate established by the individual Plans or in accordance with Section 6621 of the Code, 26 U.S.C. §6621; and

F. Ordering the defendant to pay an amount equal to the greater of:

    i. the amount due under paragraphs D and E with respect to the ERISA Plans; or

    ii. liquidated damages equal to 20% of the contributions used to calculate the amount due under paragraphs D and E with respect to the ERISA Plans; and

G. Ordering defendant to pay reasonable attorney's fees and costs of the action;

H. Ordering such other legal or equitable relief as the Court deems appropriate.

Dated: February 25, 2010
       New York, New York

By: _____
James R. Grisi (JG 9423)
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100

Attorneys for Plaintiff